**Darold NELSON and Shirley Nelson, Plaintiffs–Respondents,**

v.

**Daryl J. MARTIN and Carol Lynne Martin, Defendants–Appellants.**

No. 53611.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 15, 1988.

Dana Hockensmith and Evan J. Beatty, St. Louis, for defendants-appellants.

Claude Hanks, Creve Coeur, for plaintiffs-respondents.

KAROHL, Judge.

Defendants, Daryl J. Martin and Carol Lynne Martin, his wife, appeal after a verdict and judgment for plaintiffs, Darold Nelson and Shirley Nelson, his wife, for actual and punitive damages. The nature of the cause of action is in doubt because plaintiffs' verdict directing instruction did not submit either cause of action alleged in plaintiffs' two count petition. Nor did it submit any recognized theory which would support a verdict for plaintiffs. This creates a major problem in reviewing the appeal.

Plaintiffs and defendants were each 50% shareholders in Moriah Development Corporation, a Missouri Corporation. Count I of the Nelson Petition alleged a cause of action on the basis of rights of shareholders acquired under § 351.525(1) RSMo 1986. This section describes a procedure for terminating the affairs of a corporation after forfeiture of charter. On January 1, 1980 the charter of Moriah Development Corporation was forfeited for failure to file and pay annual franchise taxes. Plaintiffs allege defendants, as officers and directors of Moriah, sold the principal asset of the corporation, Tenbrook Apartments, for their own benefit and failed "to distribute Plaintiff's pro rata share of the *assets* of the disfranchised corporation." (Our emphasis). Count I concludes that "As a result of such failure on the part of Defendants to distribute said *assets* of the corporation, Plaintiff was damaged." (Our emphasis).

Count II of the petition reasserts the allegations in Count I and seems to allege: (1) defendants agreed to maintain the books and records of the corporation for the benefit of both plaintiff and defend-

ants; (2) a change of position by plaintiff in reliance on the agreement; and, (3) a failure of the defendants to keep the agreement. Count II alludes to the agreement, reliance upon representations and a breach of the agreement because defendants, "without the knowledge or consent of the Plaintiff" sold the principal asset of the corporation, Tenbrook Apartments. Finally, Count II charges defendants' actions "did defraud the Plaintiff out of the equity the Plaintiff was entitled to in the Moriah Development Corporation, and that the said fraud amounted to actual damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00)." Both counts claimed defendants' actions were "malicious, intentional, wilful and fraudulent" and supported punitive damages.

The jury found for plaintiffs and against defendants for $39,850 actual and $57,500 punitive damages on a verdict directing instruction which appears to have been intended to submit Count I. Count II, which appears to allege both breach of contract and fraud, was not submitted to the jury. It was therefore abandoned.

Defendants filed a motion for new trial. We reproduce all of the grounds alleged to justify a new trial, as follows:

1. That the Court erred in permitting counsel for Plaintiffs to submit verdict directing instructions to the jury, modified by the Court and given by the Court as modified, which were not Missouri Approved Instructions.

2. That the Court erred in overruling the motion of counsel for Defendants to exclude from the courtroom and view of the jurors, as prejudicial to the Defendants, extensive, bulky, and numerous boxes of documents, ledgers, bank statements, and invoices, offered by Plaintiffs as exhibits thirty-five (35) through forty-three (43), which exhibits the Court had previously refused to be admitted into evidence on behalf of the Plaintiffs, and further permitting counsel for Plaintiffs to repeatedly comment on said exhibits throughout the course of the trial and in Plaintiff's summation to the jury.

3. That the verdict for damages against the Defendants rendered by the jury is excessive and not supported by the evidence.

After the motion for new trial was overruled defendants filed a timely appeal with the assistance of new counsel. Defendants briefed the following trial court errors in their quest for a new trial:

I. THE TRIAL COURT ERRED BY SUBMITTING AN INSTRUCTION TO THE JURY ON RESPONDENT'S REQUEST FOR AN AWARD OF PUNITIVE DAMAGES WITHOUT THE SUBMISSION OF A DEFINITIONAL INSTRUCTION OF THE TERM "MALICIOUS" WHICH IS MADE MANDATORY BY THE "NOTES ON USE" CONTAINED IN 10.01 OF THE MISSOURI APPROVED INSTRUCTIONS, THEREBY CONSTITUTING PLAIN ERROR.

II. THE TRIAL COURT ERRED BY SUBMITTING A VERDICT DIRECTING INSTRUCTION WHICH OMITTED THE CONJUNCTION "AND" BETWEEN THE PARAGRAPHS WHICH IS MANDATORY UNDER THE GENERAL PRINCIPALS OF THE MISSOURI APPROVED INSTRUCTIONS, THEREBY CONSTITUTING PLAIN ERROR.

III. THE JURY'S VERDICT IS IN ERR AS APPLIED AGAINST APPELLANT CAROL MARTIN, AS THERE WAS A COMPLETE ABSENCE OF PROBATIVE FACTS TO SUPPORT A FINDING THAT CAROL MARTIN HAD TAKEN ANY ACTION IN THE SALE OF THE PRIME ASSET OF THE CORPORATION OR THAT SUCH ACTION WAS WILFUL, WANTON AND MALICIOUS. THEREFORE THE JURY'S VERDICT AGAINST CAROL MARTIN CONSTITUTES PLAIN ERROR.

The first point offered to the trial court in the motion for new trial mentions plaintiffs' verdict directing instruction and claims error, in a limited and specific way, because it is not an approved instruction. The second point briefed on appeal is directed toward the verdict directing instruc-

tion and claims plain error because the court failed to include the conjunction "and" between each factual element as required by the general principals of the Missouri Approved Instructions. Apparently the request for plain error review is some recognition that trial counsel for defendants did not object to the instruction as offered by plaintiffs and submitted by the court. It also suffers from the fact that the ground asserted on appeal was not presented to the trial court.

By simple observation we conclude plaintiffs' verdict directing instruction does not submit the cause of action asserted in either count of plaintiffs' petition. In fact it does not submit any legal theory or recognized cause of action which would support recovery by plaintiffs. The verdict directing instruction as submitted reads:

### INSTRUCTION NO. 6

Your verdict must be for plaintiffs if you believe:

First, on June 1, 1979, plaintiffs and defendants were 50% stockholders in Moriah Development Corporation,

Second, on that date defendants sold the prime asset of the corporation without the knowledge or consent of plaintiffs and received payment,

Third, that defendants failed to pay plaintiffs their proportionate *share of the proceeds of the sale,*

Fourth, plaintiffs were thereby damaged. (Our emphasis).

█ Count I of the petition alleges a cause of action against defendants as the last officers and directors of Moriah Development Corporation for failure to pay the plaintiffs their pro rata share of *assets* of the disfranchised corporation. The verdict directing instruction requires a finding that defendants failed to pay plaintiffs "their proportionate share of the *proceeds of the sale* [of the prime asset of the corporation]." (Our emphasis). Apparently, plaintiffs and the trial court proceeded on the theory that the pro rata share of the net assets after forfeiture was the same as a proportionate share of the proceeds of the sale made months before forfeiture. How-

ever, they are not the same. There is no dispute that the sale occurred on June 1, 1979 and that the forfeiture occurred on January 1, 1980. The difference between proceeds and assets becomes clear when the provisions of § 351.525 are considered. The statute provides that in the event of forfeiture the corporation's existence and rights in this state are forfeited and cancelled and:

> [T]he directors and officers in office when the forfeiture occurs shall be the trustees of the corporation, who shall have full authority to wind up its business and affairs, sell and liquidate its property and assets, *pay its debts and obligations* and to distribute the *net assets* among the shareholders; and the trustees as such shall have power to sue for and recover the debts and property due the corporation, describing it by its corporate name, and may be sued as such; and the trustees shall be jointly and severally responsible *to the creditors and shareholders of the corporation to the extent of its property and effects that shall have come into their hands.* (Our emphasis).

There is evidence to support a finding that on June 1, 1979, plaintiffs and defendants were 50% shareholders in Moriah Development Corporation; that on June 1, 1979, defendants sold the prime asset of the corporation, Tenbrook Apartments, without the knowledge or consent of plaintiffs and received, as proceeds, cash in the amount of $6,845.87 and a note payable to the corporation in the amount of $40,000; that the defendants allowed the corporation charter to be forfeited on January 1, 1980; and, defendants never accounted to, or paid anything to, plaintiffs after the sale. These facts are not really disputed. This is what the verdict directing instruction submitted and what the jury found. However, these findings do not conform with the requirements of the pleaded cause of action in Count I, the provisions of § 351.525, which is the authority for the claim of plaintiffs as 50% shareholders.

The obligation of defendants as officers and directors in office at the time of forfei-

ture was to pay all debts and obligations of Moriah Development Corporation and thereafter to distribute the net *assets* among the shareholders, if any remained. The statutory cause of action involves net assets at the time of forfeiture, and thereafter. It does not address proceeds of sale of an asset sold before forfeiture. The record contains absolutely no evidence as to the extent of debts of Moriah Development Corporation at the time of forfeiture on January 1, 1980.[1] There was no evidence to support a finding of net assets. The verdict directing instruction does not *require the jury to find the extent of debts,* if any, and does not require a finding of any net assets. Plaintiffs failed to plead or offer any evidence at trial of the existence of net assets, and therefore the claim has no legal merit.

This court is confronted with numerous problems. First, the verdict directing instruction submitted to the jury does not submit either cause of action pleaded in plaintiffs' petition. Second, the verdict directing instruction does not submit a recognized legal theory to support any verdict and judgment for plaintiffs. This is true because plaintiffs are not entitled to a proportionate share of proceeds of the pre-forfeiture sale; they are entitled only to a proportionate share of the net assets, if any, of the forfeited corporation. Third, defendants' liability, if any, is that of surviving officers and directors in the capacity of trustees of the net assets of the corporation. The statute, § 351.525, does not obligate defendants to a personal judgment for either actual or punitive damages. Plaintiffs' shareholder claim is limited to the "extent of its [the corporation's] property and effects" held by defendants, as

trustees. Fourth, at most, plaintiffs would be entitled to a proportionate, 50%, share of the net assets of the corporation at the time of forfeiture. Under the evidence offered by plaintiffs their claim could not exceed one-half of $46,845.87. Fifth, § 351.525 does not authorize punitive damages. It creates a statutory cause of action for shareholders for a proportionate percentage of net assets of a forfeited corporation. Further, it is not clear how a simple failure to pay money or divide assets became "malicious."

■ In addition to these substantive problems there remains the procedural problem of what position the parties occupy before this court. Plaintiffs offered an instruction which did not submit either theory pleaded for recovery and could not have submitted a theory tried by consent because it submitted no theory at all. However, plaintiffs offered and the court submitted the instruction and defendants made no objection. Further, the patent defect in the verdict directing instruction was not made a subject of the motion for new trial, except in a limited way, and the point on appeal claims only plain error for failure to include conjunctions between the paragraphs. The question is, can plaintiffs keep and enforce a judgment which is not traceable to any recognized cause of action. We conclude they may not. The verdict directing instruction is not and never could be an MAI instruction because it is substantively a nullity.

Plaintiffs informed the trial court that their proposed verdict directing instruction was not an MAI instruction. Plaintiffs relied on a form of an instruction used in *Forinash v. Daugherty,* 697 S.W.2d 294, 299 (Mo.App.1985).[2] Unfortunately, the instruction in *Forinash* was used in an en-

---

1. There is evidence from which it could be found the corporation owed defendants $45,000 for two debts represented by promissory notes issued by Moriah Development Corporation to defendants before plaintiffs became shareholders.

2. The *Forinash* instruction reads as follows:
"Your verdict must be for plaintiffs if you believe:
First, plaintiffs were shareholders in the Bank of Raymondville, and

Second, defendants, were officers and the Board of Directors of the Bank, and
Third, defendants as officers and directors of the Bank received an offer to purchase controlling interest in the Bank, and
Fourth, defendants failed to disclose the offer to purchase controlling interest to plaintiffs, and
Fifth, defendants took advantage of their position as officers and directors and sold controlling interest in the Bank; and

tirely different type of case. In *Forinash,* the plaintiffs were shareholders in a bank corporation. They sued defendants who were officers and directors under a theory of breach of fiduciary duty. Defendants sold their own shares of stock to a purchaser without notifying plaintiff shareholders. This denied plaintiffs an opportunity to participate in the transaction. Defendants profited from secrecy and utilization of their favored position. The case did not involve the sale of an asset of the bank nor the rights of shareholders after a forfeiture.

In the present case plaintiffs alleged elements of a statutory cause of action and pleaded they were entitled to a "pro rata share of the assets of the disfranchised corporation." That is the theory that was tried to the jury. The verdict directing instruction submitted some but not all the elements of the statutory action. The instruction is flawed by confusing "net proceeds of sale" with "net assets", two different measures. There was no evidence of "net assets" in evidence. If there was any such evidence it may be possible to affirm the verdict and judgment, in the absence of preserved error, but there was none. The matter of net assets was never a part of the trial.

We resolve the substantive and procedural problems by concluding defendants are entitled to a new trial. We reach this conclusion because the verdict directing instruction was a nullity. As a matter of law nothing has been tried and nothing has been decided. It was plain error to submit the verdict directing instruction. Further, the verdict and judgment, as a personal judgment against defendants, was wholly defective for all of the following reasons: (1) the statutory obligation of defendants is that of a trustee only; (2) the authorized judgment against surviving officers and directors is a proportionate share of net assets, not net proceeds, of the sale of an asset before forfeiture; (3) punitive damages are not authorized by statute; and, (4) the verdict directing instruction does not submit a legal theory which would support recovery by plaintiffs against de-

Sixth, as a direct result of defendants failure to communicate the offer to purchase

fendants, individually or as trustees, because it confuses concepts of proceeds of sale with net assets and assumes plaintiffs were entitled to a proportionate share of the proceeds of sale, an assumption wholly unsupported as a matter of law.

We recognize that the ground for new trial asserted by defendants, relating to the verdict directing instruction, was limited to an assertion it was defective only because it was not an approved instruction. This claim may or may not reach the plain error found by this court. It did, however, offer the trial court an opportunity to review the instruction in light of the pleadings and the evidence. Nor is the claim of error relating to the verdict directing instruction presented to this court in a form as general as the conclusion we reach. The claim does, however, request this court to find the instruction erroneous as a matter of plain error. To affirm a judgment based upon a verdict directing instruction which is so patently defective and devoid of any ground for recovery of a verdict would be a manifest injustice or miscarriage of justice. Rule 84.13(c).

We reverse and remand for a new trial.

PUDLOWSKI, C.J., and GRIMM, P.J., concur.

controlling interest, and defendants selling controlling interest plaintiffs were damaged."